# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY THOMAS,<br><br>         Plaintiff,<br><br>v.<br><br>SAN DIEGO HEALTH AND HUMAN SERVICES AGENCY; ADRIANNA VALDEZ; CLAUDIA BELL; and COUNTY OF SAN DIEGO,<br><br>         Defendants. | Case No.: 18cv1466-MMA (NLS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>[Doc. No. 9] |

On June 27, 2018, Plaintiff Kimberly Thomas ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 against Defendants Adrianna Valdez ("Valdez"), Claudia Bell ("Bell"), and County of San Diego[1] ("County") alleging violations of Plaintiff's First and Fourteenth Amendment rights and raising a claim for municipal liability against the County under *Monell v. Dep't of Soc. Servs.*, 436 U.S 658 (1978). Doc. No. 1 ("Compl."). Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. No. 9-1 ("MTD"). Plaintiff filed an opposition [Doc.

---

[1] The County was also erroneously sued as San Diego Health and Human Services Agency ("HHSA"). Doc. No. 9-1 at 1.

No. 11 ("Oppo.")], to which Defendants replied [Doc. No. 12 ("Reply")]. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. Doc. No. 13. For the reasons set forth below, the Court **GRANTS** Defendants' motion to dismiss.

## BACKGROUND[2]

In June of 2016, Plaintiff gave birth to Zane Wolfgang Thomas ("Zane") at 35 weeks gestation. Compl. ¶ 11. Zane was admitted to the Neonatal Intensive Care Unit ("NICU") at Scripps Memorial Hospital, Encinitas, because he was exposed to drugs in utero and born prematurely. *Id.* After several meetings between County social workers and Plaintiff, "it was determined that Zane would be placed in voluntary out-of-home placement while Plaintiff received inpatient and/or outpatient substance abuse treatment." Compl. ¶ 12. Plaintiff provided the County and hospital social workers with her preferred caregivers, including her mother, Maria Thomas ("Maria"), and family friends. *Id.*

The County, through social workers Valdez and Bell, placed Zane into the custody of foster parents Carmen and John Richards ("the Richards") on June 27, 2016. Compl. ¶ 13. Plaintiff alleges that at that time, the County knew the Richards were in their seventies, had several other small children placed with them, that Mr. Richards suffered from dementia and was incapable of caring for Zane, and that an infant had previously died in the Richards' care. *Id.* Plaintiff further alleges that the County knew Zane would require "exceptional care and supervision following hospital discharge" as a premature, drug-addicted infant, and that the Richards did not receive training in the proper care and supervision of such infants. *Id.* As a result, Plaintiff contends the County knew or should have known that placing Zane with the Richards would overwhelm them and that

---

[2] Because this matter is before the Court on a 12(b)(6) motion to dismiss, the Court must accept as true the allegations set forth in the Complaint. *See Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976).

2

they would not be able to provide adequate care and supervision to Zane. *Id.* According to Plaintiff, she and her family members requested on numerous occasions that the County place Zane with a responsible relative or Non-Related Extended Family Member ("NREFM") caregivers. Compl. ¶ 14. The County, Valdez, and Bell allegedly ignored these requests and instead "falsely represented . . . that the [County] was in the process of investigating placement alternatives . . . ." *Id.*

During July and August of 2016, Maria was allowed extended visitation with Zane. Compl. ¶ 15. "On all such occasions, it was reported to the [County], . . . [Valdez,] and [Bell] that [the Richards] were overwhelmed and that Zane was not receiving adequate attention or care, including missing doctors' appointments." *Id.* Despite these reports, the County, Valdez, and Bell, allegedly left Zane in "the overwhelmed and overburdened household of the Richards." *Id.* Plaintiff alleges that the County, Valdez, and Bell's "intentional and/or reckless" behavior resulted in Zane not receiving the care and supervision required. Compl. ¶ 16. On September 8, 2016, the Richards allegedly placed Zane in his crib on his stomach to sleep and left him unsupervised and unmonitored. *Id.* "Hours later, Zane died." *Id.* Plaintiff alleges on information and belief that Zane's death is a "direct result of being placed on his stomach to sleep." *Id.*

Based on these allegations, Plaintiff alleges that Valdez and Bell violated her First and Fourteenth Amendment rights to familial association with Zane by failing "to provide reasonable safety and minimally adequate care to, and safeguard the well-being of, Zane." *See* Compl. ¶¶ 21-22. Plaintiff also brings one cause of action against the County for municipal liability ("*Monell*").

## LEGAL STANDARDS

A Rule 12(b)(6) motion tests the legal sufficiency of the claims made in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007); Fed. R. Civ. P. 12(b)(6). The plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Instead, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

## DISCUSSION

Pursuant to 42 U.S.C. § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege: (1) he or she was deprived of a right secured by the United States Constitution or federal laws; and (2) the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).

Here, the parties do not contest that Defendants were acting under the color of state law; rather, the parties question whether Plaintiff was deprived of a right secured by the

First and Fourteenth Amendments.  Specifically, Defendants argue that the Court should dismiss Plaintiff's Complaint because Plaintiff fails to allege violations of her constitutional rights, Valdez and Bell are entitled to qualified immunity,[3] and Plaintiff insufficiently pleads her *Monell* claim.  *See generally*, MTD; *see also* Reply.

## A.   **<u>Defendants Valdez and Bell</u>**

First, Defendants argue that Plaintiff does not plausibly allege violations of her First and Fourteenth Amendment rights to familial association.  Specifically, Defendants contend that Plaintiff insufficiently pleads causation[4] and deliberate indifference.  MTD at 8-16.  Plaintiff opposes both assertions.  *See* Oppo. at 9-11.

"To amount to a violation [of Plaintiff's right to familial association with her son, the social workers'] harmful conduct must 'shock[] the conscience' or 'offend the community's sense of fair play and decency.'"[5]  *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1079 (9th Cir. 2011) (quoting *Rochin v. California*, 342 U.S. 165, 172-73 (1952)).  "Conduct that 'shocks the conscience' is 'deliberate indifference to a known or so obvious as to imply knowledge of, danger.'"  *Tamas v. Dep't of Soc. & Health Servs.*, 630 F.3d 833, 844 (9th Cir. 2010).  As applied to this case, deliberate indifference

---

[3] In light of Plaintiff's failure to sufficiently plead a constitutional violation, the Court declines to analyze qualified immunity.  However, The Court notes that at the time of the alleged constitutional deprivation, the rights to familial association and to reasonable safety and minimally adequate care in foster homes were both clearly established.  *See Tamas v. Dep't of Soc. & Health Servs.*, 630 F.3d 833, 847 (9th Cir. 2010) (finding the right to reasonable safety and minimally adequate care in foster homes clearly established); *Lee v. City of Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001) (finding that "[i]t is well established that a parent has a 'fundamental liberty interest' in 'the companionship and society of his or her child' and that 'the state's interference with that liberty interest without due process of law is remediable under [42 U.S.C. §] 1983'" under both the First and Fourteenth Amendments).

[4] The Court also declines to analyze causation in light of Plaintiff's failure to sufficiently plead a constitutional violation.  Accordingly, the Court **DENIES** Defendants' requests for judicial notice because it did not rely on the documents in ruling on the instant motion.  Doc. No. 9-2; *Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998) (finding that judicial notice is inappropriate where the facts to be noticed are not relevant to the disposition of the issues before the court).

[5] The right to familial association under the First and Fourteenth Amendments are analyzed in the same manner.  *See Mann v. City of Sacramento*, -- Fed. App'x --, No. 17-17048, 2018 WL 4268534, at *2 (9th Cir. Sept. 7, 2018); *see also Lee*, 250 F.3d at 686.

requires: (1) "a showing of an objectively substantial risk of harm" and (2) "a showing that the officials were subjectively aware of facts from which an inference could be drawn that a substantial risk of serious harm existed and that either the official actually drew that inference or that a reasonable official would have been compelled to draw that inference." *Id.* at 845.

Defendants contend that Plaintiff does not allege that Valdez and Bell were aware of facts from which an inference could be drawn that a substantial risk of serious harm existed. MTD at 12. Plaintiff counters that she adequately "alleges the social worker defendants knew about her son's fragile condition, knew or should have known that the Richards were incapable of providing him with the care that he needed, and knew the Richards were not taking her son to critical doctor's appointments." Oppo. at 10.

According to the allegations in the Complaint, Valdez and Bell "decided to place Zane into the custody" of the Richards. Compl. ¶ 13. Thereafter, Plaintiff and her family members requested on numerous occasions that Zane be placed with a responsible relative or NREFM caregivers, but Valdez and Bell "ignored such requests," and instead "falsely represented . . . that the [County] was in the process of investigating placement alternatives. . . ." Compl. ¶ 14. Following Maria's several visits with Zane, "it was reported to . . . [Valdez] and [Bell] that [the Richards] were overwhelmed and that Zane was not receiving adequate attention or care, including missing doctors' appointments." *See* Compl. ¶ 15. Despite these reports, Valdez and Bell "failed and refused" to remove Zane from the Richards' care and "left Zane in the[ir] overwhelmed and overburdened household." *Id.*

Based on these allegations, the Court concludes that Plaintiff has not adequately pleaded that Valdez and Bell were subjectively aware of facts from which an inference could be drawn that a substantial risk of serious harm to Zane in the Richards' care existed. For example, Plaintiff does not allege that Valdez and Bell knew that the Richards were in their seventies, that they had several other small children placed with them, that Mr. Richards suffered from a form of dementia, that an infant had died

inexplicably in the Richards' care in the past, or that the Richards had not received training in the proper care and supervision of premature and drug-addicted infants. *See* Compl. ¶ 13. Moreover, as noted by Defendants, Plaintiff does not allege that Valdez and Bell knew the Richards' placed Zane on his stomach to sleep. *See* Compl.; *see also* Reply at 4. Rather, Valdez and Bell would have had to draw an inference that a substantial risk of harm to Zane in the Richards' care existed from the fact that the Richards' were overwhelmed and that Zane had missed doctors' appointments. *See* Compl. ¶ 15. While Plaintiff also alleges that Valdez and Bell received reports that Zane was not receiving adequate care or attention, there are no specific factual allegations explaining how Valdez and Bell knew that Zane's care was inadequate or inattentive beyond missing some doctor's appointments. *See id.* These facts do not support a plausible inference that a substantial risk of serious harm to Zane existed by remaining in the Richards' care. Accordingly, Plaintiff has not sufficiently pleaded that Valdez and Bell acted with deliberate indifference, and therefore, Plaintiff also has not sufficiently pleaded a violation of her First and Fourteenth Amendment rights.

### B. **Defendant the County**

Second, Defendants argue that Plaintiff's *Monell* claim fails for several reason, including that Plaintiff fails to allege the deprivation of a constitutional right. Mtn. at 17-18. For the reasons stated above, Plaintiff has not sufficiently alleged a violation of her First and Fourteenth Amendment rights. Moreover, the allegations relating to Plaintiff's *Monell* claim lack factual specificity and are conclusory. *See* Compl. ¶¶ 27-34; *Iqbal*, 556 U.S. at 678; *Pareto*, 139 F.3d at 699. Thus, Plaintiff's municipal liability claim brought pursuant to *Monell* fails. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("[N]either [*Monell*], nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact [the factfinder] has concluded that the officer inflicted no constitutional harm."); *Quintanilla v. City of Downey*, 84 F.3d 353, 355 (9th Cir. 1996) ("[A] public entity is not liable for § 1983 damages under a policy that can cause constitutional deprivations, when

the factfinder concludes that an individual officer, acting pursuant to the policy, inflicted no constitutional harm to the plaintiff."); *Forrester v. City of San Diego*, 25 F.3d 804, 808 (9th Cir. 1994) (holding that a "finding that the arrests did not involve the use of unreasonable force . . . . moot[s] the question of whether the city's policy *authorized* the use of constitutionally excessive force").

## CONCLUSION

Based on the foregoing, the Court finds that Plaintiff insufficiently pleads a violation of her First and Fourteenth Amendment rights. Accordingly, the Court **GRANTS** Defendant's motion and **DISMISSES** Plaintiff's Complaint without prejudice and with leave to amend. Plaintiff must file an amended complaint that cures the deficiencies addressed herein on or before **December 11, 2018**.

**IT IS SO ORDERED**.

Dated: November 26, 2018

Hon. Michael M. Anello
United States District Judge